IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-500-BO

| | |
|---|---|
| MEDFUSION, INC., <br> Plaintiff, <br><br> v. <br><br> GREENWAY HEALTH, LLC, <br> Defendant. | ORDER |

This matter is before the Court on plaintiff's motion to remand. [DE 12]. For the reasons discussed below, plaintiff's motion [DE 12] is GRANTED.

## BACKGROUND

Plaintiff, Medfusion, Inc., offers "patient portal software," through which patients communicate with their healthcare providers, pay bills, review lab results, and perform other online tasks. By allowing healthcare providers to confidentially share medical information with patients through its software, Medfusion enables those providers to meet various attestation and reporting requirements for programs administered by the Centers for Medicare and Medicaid Services ("CMS"). Healthcare providers can incur severe financial penalties by failing to meet these requirements.

Defendant, Greenway Health, LLC, offers healthcare providers an array of software options for creating and managing electronic health records. Greenway also offers its own patient portal software.

On August 8, 2019, Greenway's CEO issued a letter to the company's clients, including those who utilize Medfusion's patient portal software. The letter included the following warning: "[f]or those participating in 2019 reporting requirements and currently using Medfusion as your

1

patient portal, you will need to contact your Greenway partner immediately, as the current Medfusion version does not support certification requirements."

The requirements to which Greenway's CEO was referring are the 2015 Edition Certified Electronic Health Record Technology ("CEHRT") requirements, established by CMS and the Office of the National Coordinator for Health Information Technology ("ONC"), which are both subunits of the Department of Health and Human Services. The requirements are codified at 45 C.F.R. § 170.315.

Medfusion claims that the statement sent out by Greenway's CEO—that Medfusion's patient portal did not support certification requirements—is demonstrably false and was known by Greenway to be false when the statement was made. Medfusion demanded that Greenway retract the statement, pointing to the fact that ONC had certified the Medfusion patient portal as compliant with the CEHRT requirements. Greenway declined to retract the statement, arguing that, notwithstanding ONC's certification, Greenway believed Medfusion was noncompliant and that this noncompliance could create liability for its customers.

In response, Medfusion sued Greenway in the Superior Court of Wake County, bringing only state-law claims: (1) libel *per se*; (2) tortious interference with a contract; (3) unfair and deceptive trade practice, in violation of N.C. Gen. Stat. § 75-1.1; and (4) punitive damages.

Defendant removed the case to federal court, pointing to the 2015 CEHRT requirements and invoking federal question jurisdiction. Plaintiff now moves to remand the case.

DISCUSSION

"[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258

(2013) (citing *Grable & Sons Metal Prod., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005)). This "special and small category" is a narrow exception to the rule that jurisdiction "arises under" federal law within the meaning of 28 U.S.C. § 1331 when "federal law creates the cause of action asserted." *Id.* at 257–58. Given the federalism concerns of removal and asserting jurisdiction over state-law claims, any doubts about federal jurisdiction are resolved against the defendant. *Burrell v. Bayer Corp.*, 918 F.3d 372, 384 (4th Cir. 2019).

To start, the federal issue here is necessarily raised on the face of plaintiff's well-pleaded complaint. Under North Carolina law, a claim for defamation requires the plaintiff to prove that the defendant's statement is false. *Tyson v. L'Eggs Prod., Inc.*, 84 N.C. App. 1, 10–11 (1987). Plaintiff's well-pleaded defamation claim, therefore, necessarily raises the question of whether Medfusion's software satisfies the 2015 CEHRT requirements.

This question also is "actually disputed." Medfusion argues that its software satisfies the CEHRT requirements. Greenway claims it does not. The central issue for plaintiff's defamation claim is which party is correct.

The federal issue, however, is not substantial. Substantiality looks to the " . . . importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Hallmarks of substantiality are federal questions that are pure issues of law, rather than fact-bound and situation specific, questions about the lawfulness of the conduct of federal agencies and officials, and questions that go to the validity of the federal law itself. *Id.* at 260–61; *Burrell*, 918 F.3d at 385.

This case does not contain any of the critical factors that suggest the federal issue is substantial to the federal system as a whole.

First, whether Medfusion's patient portal software satisfies the CEHRT requirements involves a fact inquiry into the features and characteristics of Medfusion's software, and an

3

application of those facts to the law. It is not, as Greenway Health argues, a purely legal issue. Despite repeated assertions that this case raises purely legal questions of federal law, Greenway never identifies what those questions are beyond stating that the court must determine whether Medfusion's technology supports the CEHRT requirements. More importantly, though, under the reasoning of *Grable* and *Gunn*, that a case may require some interpretation of federal law does not mean that the case involves a substantial issue of federal law.

Second, the question of Medfusion's compliance with the CEHRT requirements does not bear on the propriety of the government's conduct in a manner comparable to *Grable*. In *Grable*, the issue was whether a federal statute required personal service by the IRS—rather than via certified mail—before it seized real property to satisfy tax delinquencies. The answer to this question governed the primary conduct of federal officials in the course of their duties and thus implicated substantial federal interests. Here, the CEHRT requirements regulate the conduct of health information technology providers.

Third, the legal issues resolved in this case would likely address only the idiosyncrasies of Medfusion's software, not resolve larger issues to govern future cases.

Finally, there is no argument that the CEHRT requirements themselves are invalid.

While a state court ultimately concluding that Medfusion had not met the CEHRT requirements would stand in some tension with ONC's prior certification, the Court sees no more tension than is apparent in the Fourth Circuit's recent decision in *Burrell v. Bayer*. In *Burrell*, Bayer received premarket approval from the FDA for its Class III medical device. 918 F.3d at 377. Plaintiff's claims included a negligence *per se* claim based on violations of FDA regulations. *Id.* at 383–84. The court remanded the case to state court because the third and fourth prongs of *Grable* were not satisfied, even though the state court might have ultimately

4

issued a ruling in tension with or even contradicting the FDA's preapproval. *Id.* Similarly, the potential for a state court judgment at odds with ONC's prior certification does not translate to a substantial federal question.

Given that Greenway's basis for removal does not satisfy the substantiality prong of *Grable*, the Court need not address the implications for the federal-state balance. Federal jurisdiction does not lie in this case and remand is appropriate.

## CONCLUSION

For the foregoing reasons, Medfusion's motion to remand [DE 12] is GRANTED. This case is REMANDED to the Superior Court of Wake County, North Carolina. The consent motion for an extension of time [DE 19] is DENIED AS MOOT.

SO ORDERED, this __20__ day of February, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE